**LEACH v. MARYLAND CASUALTY CO.**
No. 10,060.

United States Court of Appeals,
Seventh Circuit.
June 8, 1950.

44

Robert F. Eggeman, Fort Wayne, Ind., James P. Murphy, Fort Wayne, Ind., for appellant.

Ramon S. Perry, Dalton C. McAlister, Fort Wayne, Ind., for appellee.

Before MAJOR, Chief Judge, KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

Defendant issued its automobile insurance policy to John A. Croy, insuring the said John A. Croy against damages because of the use and operation of a Chevrolet coupe owned by him but title to which was in the name of Grace Croy, his wife. The policy contained an omnibus clause extending coverage to anyone using the insured vehicle, "provided the actual use of the automobile is with the permission of the named insured."

On February 26, 1946, Wilbur Croy, son of John and Grace Croy, was driving and operating the insured car and while so doing collided with the rear of a vehicle preceding him on the highway. As a result of the impact, plaintiff, who was riding in the preceding car, was injured. Thereupon, plaintiff instituted an action against Wilbur Croy because of the injuries sustained in the collision, and obtained a default judgment. Thereafter plaintiff instituted the present action against the defendant, predicated on the policy issued to John A. Croy, contending by proper allegation in her complaint that at the time of the accident and her resulting injury, the insured automobile was then being driven and operated by the said Wilbur Croy with the permission of the insured and that as a consequence Wilbur Croy became an insured, entitled to the protection of said policy as expressed in and as provided for in the omnibus clause thereof.

Following a pre-trial conference, an order was entered by the court, which provided "that the sole question of fact for determination is whether or not Wilbur C. Croy at the time of the accident on February 26, 1946 at or near the hour of 12:30 A.M., involving the automobile occupied by the plaintiff, Frances Kuhring Leach, was driving and using the automobile insured by the defendant Maryland Casualty Company with the permission, express or implied, of John A. Croy, defendant's named insured, so as to cause the said Wilbur C. Croy to be insured within the terms of the insurance policy of the said Maryland Casualty Company, issued by it to the said John A. Croy."

The case was tried by the court without a jury, and a judgment from whence the instant appeal comes was rendered against the defendant. At the conclusion of the trial, the court filed a memorandum opinion intended to serve as special findings of fact

and conclusions of law. In said memorandum the court, after reviewing the testimony of the various witnesses as well as certain documentary evidence in the form of statements procured out of court prior to the trial, found both as a fact and a conclusion of law that "Wilbur C. Croy was driving and using the Chevrolet automobile at the time of the accident with the implied permission of John C. Croy, so that Wilbur C. Croy was an insured person within the terms of the policy sued upon."

Thus, the sole issue before the court below was whether the insured automobile at the time of the accident was driven by Wilbur C. Croy with the "permission, express or implied, of John A. Croy." No question is raised but that such issue presented a question of fact, and we think it did. And the finding made by the lower court on such issue must be accepted by us "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Because of defendant's insistence that the testimony is insufficient to sustain the finding on this crucial issue, we have read all the testimony. We think no good purpose could be served in relating it or discussing the numerous inferences which may be drawn therefrom. That it is a close case on the facts is hardly open to doubt; in fact, it is so close that the controlling issue of fact could well have been found either way. This court, however, as oftentimes stated, is not the trier of facts; that is the function of the court below and we are without right to refuse to accept or to set aside the finding thus made "unless clearly erroneous." This we cannot say. In fact, we think there is evidence, together with the reasonable inferences which may be drawn therefrom, which furnishes ample support to the finding as made.

Such being the case, the judgment must be and is affirmed.